## THE PEOPLE v. MUÑOZ.

### APPEAL from the District Court of Arecibo.

No. 81.—Decided December 12, 1905.

APPEAL—JUDGMENT.—In order that the accused may demand the reversal of a judgment on the ground that it was rendered without the court having complied with the provisions of section 318 of the Code of Criminal Procedure, it is necessary that such a failure should appear of record, as in the absence of such a showing it will be presumed that the proceedings in the trial court were conducted in accordance with law.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for The People.

The appellant did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant in this case contends that his sentence is illegal, because the provisions of section 318 of the Code of Criminal Procedure have not been followed.

The District Court of Arecibo pronounced the following sentence:.

"*The People of Porto Rico* v. *Miguel Muñoz Santana.*—Violation of Election Laws. This 6th day of May, 1905, the convict, Miguel Muñoz Santana, appears to hear his sentence read, and being asked if he has any reasons to set forth why the same should not be pronounced, and not having stated reasons sufficient to prevent such pronouncement, the court pronounced the following sentence against him: In view of the judgment of conviction rendered against said accused by this court on the 26th day of last April, the court must condemn and does condemn the convict Miguel Muñoz Santana, to the punishment of one year imprisonment in the penitentiary of this Island, at hard labor, and to the payment of the costs of this prosecution, for the crime against the election law, and the court further orders that the said Miguel Muñoz Santana be taken from this court of justice to the penitentiary of San Juan, and be delivered to the warden of said institution, with a copy of this sentence, in order that he may there confine Miguel Muñoz for the period of one year, at hard labor, and the costs."

Thus it will be seen that the primary object of the law, namely, to give the accused person opportunity to be finally heard before sentence was pronounced upon him has been accomplished. It is true that it does not distinctly appear that either the indictment or the plea or the verdict was read to him, but there is nothing in the record to show the contrary, and we must presume that when the prisoner was asked the question indicated in the foregoing sentence that the preliminary formalities of the law were followed. This court has adopted a similar principle in the cases of *The People of Porto Rico* v. *Tomas Agrait,* decided by this court on the 5th

of December, 1905; *The People of Porto Rico* v. *Manuel Armaiz,* and *The People of Porto Rico* v. *Miguel Muñoz Santana and Ramon Muñiz Martinez,* decided on the same date. Our attention has been drawn to the case of *The People of Porto Rico* v. *Manuel Lizardi,* in which this court reversed the judgment of the District Court of Humacao for failure to comply with said section 318. It was, however, expressly held in that case that the record sufficiently showed the failure of the court to comply with the provisions of that section.

In the case at bar, the appellant having been asked the questions required by the law, it should have been made to appear positively that the lower court failed in some respect to follow the statute.

There being neither a bill of exceptions nor a statement of facts, and no error appearing in the record, the sentence of the district court must be affirmed, in accordance with the numerous decisions recently pronounced by this court.

*Affirmed.*

Chief Justice Quiñones and Justices Hernandez, Figueras and MacLeary concurred.